# IN THE COURT OF APPEALS OF IOWA

No. 25-0217
Filed March 11, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Stanley Edwin Spencer,**
Defendant–Appellant.

Discretionary review from the Iowa District Court for Appanoose County, The Honorable Rose Anne Mefford, Judge.

## REVERSED AND REMANDED

R.E. Breckenridge (until withdrawal) of Breckenridge Law P.C., Ottumwa, attorney for appellant.

Stanley Spencer, Moravia, self-represented appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

Stanley Spencer appeals an order assessing liquidated damages against him after he was convicted of twenty counts of abandonment of a dead or injured animal in violation of Iowa Code section 481A.137 (2021). Spencer argues that, based on the plain language of the relevant Iowa Code provisions, his convictions did not support an award of liquidated damages. On our review, we agree and reverse the liquidated-damages award.

## I. Background Facts and Proceedings.

Spencer farms approximately 800 acres of land in Appanoose County. According to Spencer, for many years he had experienced issues with large groups of deer eating his crops. Spencer tried a variety of strategies to get rid of the deer, including permitting hunters on his land during hunting season and using high-powered, motion-activated lights to deter the presence of the deer. These tactics were unsuccessful.

Spencer, asserting he had "no other choice," decided to take matters into his own hands. From January 10 through 21, 2021, he shot at least forty deer in his fields. Spencer left some of the deer where he shot them—he took others to a brush pile. Spencer did not have a license to kill any of the deer, did not field dress or process any of the deer meat for consumption, and did not alert any authorities that he had killed the deer. He later admitted to shooting the deer.

The State charged Spencer with twenty counts of abandonment of a dead or injured animal in violation of Iowa Code section 481A.137 and twenty counts of restricted taking of deer in violation of section 481A.38, all simple misdemeanors. All forty counts were tried together in magistrate court in July 2022.

After trial, the jury returned not guilty verdicts on the twenty restricted-taking counts but found Spencer guilty of the twenty counts of abandonment. Spencer's convictions were affirmed on appeal to the district associate court. Spencer filed an application for discretionary appellate review of his convictions, which was denied.

In the meantime, the State, relying on Iowa Code section 481A.130, requested $15,000 in liquidated damages for ten antlerless deer.[1] Spencer resisted.

On May 3, 2024, the magistrate court held a hearing to consider the State's request. After the hearing, the court permitted the parties additional time to submit briefing on the liquidated-damages issue.

On June 25, after considering the parties' arguments, the court determined that Spencer should pay $7,500 in liquidated damages, $750 per deer for ten antlerless deer. In reaching this conclusion, the court found:

> [T]he guilty conviction of the Defendant for the charge of Abandonment of an Animal is relevant in the decision whether or not to require the payment of liquidated damages. The Iowa Code states that the liquidated damages should be charged when a person is convicted of destroying or possessing any animal. In order for abandonment to occur, possession must precede. Therefore possession did occur. In the argument for destruction, the court finds that the definition of "destroy" as given by the State is significant and credible.

[1] Due to an alleged scrivener's error, the State requested reimbursement for only ten of the twenty deer. In deciding the liquidated-damages issue, the court noted "the State had ample time to supplement their request for damages . . . and failed to do so. Accordingly, the court finds that the State is limited to damages related to only ten deer, not twenty." The State did not appeal this finding.

Spencer appealed to the district associate court, which affirmed the liquidated-damages award. He then applied for discretionary appellate review, which our supreme court granted.

## II. Standard of Review.

We review issues of statutory construction and interpretation for correction of errors at law. *See Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015); *State v. McCullah*, 787 N.W.2d 90, 93 (Iowa 2010).

## III. Analysis.

On appeal, Spencer asserts that abandonment is not specified in the liquidated-damages statute, and therefore the statute does not apply to someone who failed to properly dispose of a dead animal. The State argues that the magistrate court was correct in determining the abandonment statute spilled over to section 481A.130, such that Spencer both unlawfully "possessed" and "destroyed" the deer, triggering liquidated damages.

To determine whether Spencer was convicted of any action subject to liquidated damages, we first consider the statute under which he was convicted, which provides:

> While taking or attempting to take game or fur-bearing animals, a person shall not abandon an injured game or fur-bearing animal without making a reasonable effort to retrieve the animal from the field. A person shall not leave a useable portion of game or a fur-bearing animal in the field.

Iowa Code § 481A.137(1).

We next consider the liquidated-damages provision, which provides, in relevant part:

> 1. In addition to the penalties for violations of this chapter . . . , a person *convicted of* unlawfully selling, taking, catching, killing, injuring, destroying, or having in possession any animal, shall reimburse the state for the value of such as follows:
>
> . . . .
>
> h. For each deer, except as provided in paragraph "g",[2] . . . one thousand five hundred dollars.
>
> . . . .

Iowa Code § 481A.130(1)(h) (emphasis added).[3]

The liquidated-damages statute does not include the conduct made unlawful by the abandonment statute. It specifically states it applies to one who is "convicted of unlawfully . . . destroying, or having in possession"— neither of which was Spencer "convicted." Even if leaving a deer to rot in a field resulted in "possessing" and "destroying" the deer, the abandonment statute does not criminalize such possession or destruction.

From a plain reading of the two statutes, Spencer's conviction under the abandonment statute did not trigger the liquidated-damages provision and must be reversed.

---

[2] Paragraph "g" applied to "antlered deer," which is not applicable in this case.

[3] Section 481A.130 was amended in 2022 to change the penalty for "each antlerless deer" from $1,500 to $750. *See* Iowa Code § 481.130(1)(h) (2022). The magistrate court used the current version of the statute when assessing liquidated damages in this case. The State did not appeal the magistrate court decision to assess $750 per deer. For that reason, we accept the magistrate court's valuation. The 2022 amendments to section 481A.130 do not otherwise affect this appeal.

**IV. Conclusion.**

We conclude the magistrate court, as affirmed on appeal, improperly imposed a liquidated-damages award against Spencer. We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**